## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Joshua Ellis

    v.                                           Civil No. 23-cv-561-LM-AJ

Warden, FCI Berlin

### REPORT AND RECOMMENDATION

Joshua Ellis, a federal prisoner at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the loss of good conduct time and other sanctions imposed for his drug-or-alcohol-use disciplinary violations in 2022/2023 when he was a prisoner in the custody of the Federal Bureau of Prisons ("BOP") at FCI Yazoo City Low. Before this court is the FCI Berlin Warden's motion for summary judgment (Doc. No. 3). Ellis objects (Doc. No. 4).

### Background

The following facts are undisputed, except as otherwise indicated. Ellis was convicted of a methamphetamine trafficking conspiracy and is serving a federal sentence of 120 months, to be followed by 5 years of supervised release. See United States v. Ellis, No. 3:17-mj-00024-DSC (W.D.N.C. Jan. 5, 2018) (judgment).

Ellis is presently at FCI Berlin, where BOP officials transferred him in 2023.  Prior to his transfer, he was at FCI Yazoo City Low in Mississippi, where he participated in the Residential Drug Abuse Program ("RDAP") at that facility. Prison officials removed him from the RDAP because of his drug or alcohol use violations.  If he had completed the RDAP, he asserts, he would have been eligible for release one year early, and he expected to be released to a halfway house in August 2023.  See Aff. of Joshua Ellis (Feb. 13, 2024) ("Ellis Decl.") ¶¶ 1, 4 (Doc. No. 4).  The BOP currently projects Ellis's date of release from BOP custody to be December 29, 2025.[1]

Ellis asserts he tried to sign up for the FCI Yazoo City Low Medication-Assisted Treatment ("MAT") program to address his drug addiction, before his RDAP graduation.  As a result of that effort, he asserts, he was placed on a drug testing regimen.  He failed drug or alcohol tests in November 2022, February 2023, and April 2023, resulting in three separate disciplinary proceedings and sets of sanctions.  See Doc. No. 3-3.  He pleaded guilty in the first two proceedings and not guilty in the third proceeding.  Each time, the Disciplinary Hearing Officer ("DHO") found that he committed the violation.  He

---

[1] See BOP Online Inmate Locator, available at
https://www.bop.gov/inmateloc/ (last visited Aug. 20, 2024).

received copies of the pertinent disciplinary hearing officer reports on January 5, April 4, and May 25, 2023, respectively, and each of those reports included the loss of good conduct time as a sanction.  In addition, he asserts, the violations resulted in his removal from the RDAP (on a date he does not specify), his placement in the Special Housing Unit ("SHU") at FCI Yazoo City Low, and his transfer to FCI Berlin, a medium security facility.

Ellis filed this § 2241 petition while at FCI Berlin.  He seeks the restoration of good conduct time credits and the early release he expected to earn from completing the RDAP.[2]

Ellis has never used the BOP's Administrative Remedy Program while in BOP custody.  See Doc. No. 3-1, at 2.  In this § 2241 petition, Ellis does not dispute that he failed to exhaust the BOP Administrative Remedy Program with respect to the issues in his petition.

The Warden has moved for summary judgment (Doc. No. 3) based on Ellis's failure to exhaust BOP remedies as to any of his claims before filing this action.  Ellis objects (Doc. No. 4), asserting that his failure to exhaust should be excused for

---

[2] Ellis specifically seeks the restoration of "136 days" of credits, Doc. No. 1, an amount equal to the sum of the good conduct time ("GCT") he lost in the April and May 2023 disciplinary proceedings.  See Doc. No. 3-3.

reasons including his inability to obtain a "BP-8" and the proximity of his expected release date.

### Legal Standard

Habeas corpus review pursuant to 28 U.S.C. § 2241 is appropriate if a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This court may adjudicate claims alleging that the BOP has unlawfully failed to apply a prisoner's sentence credits or unlawfully delayed a person's transfer to a community-based custodial setting. See Francis v. Maloney, 798 F.3d 33, 36 (1st Cir. 2015). Petitioner bears the burden of proving that his continuing detention violates his federal rights. See Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009).

Summary judgment is appropriate in habeas proceedings when "'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" Bader v. Warden, No. 02-cv-508-JD, 2003 DNH 90, 2003 WL 21228520, at *3, 2003 U.S. Dist. LEXIS 8955, at *8-9 (D.N.H. May 28, 2003) (citations omitted), aff'd, 488 F.3d 483 (1st Cir. 2007). A genuine factual dispute exists if "the evidence is such that a reasonable jury could resolve the point in the favor of the non-moving party," and a material fact is one "that has

4

the potential of affecting the outcome of the case." Hamdallah v. CPC Carolina PR, LLC, 91 F.4th 1, 16 (1st Cir. 2024) (internal quotation marks omitted).  In making that determination, the court draws all reasonable inferences in favor of the nonmoving party from properly supported facts in the record.  Lech v. von Goeler, 92 F.4th 56, 64 (1st Cir. 2024).  The court must determine whether the moving party has shown that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

## Discussion

I.   Exhaustion

Courts have imposed a common law requirement that a federal inmate exhaust available administrative remedies before filing a § 2241 petition.  Rogers v. United States, 180 F.3d 349, 358 (1st Cir. 1999); Iler-Reyes v. Warden, FCI Berlin, No. 23-CV-553-SM-AJ, 2024 WL 1773616, at *2, 2024 U.S. Dist. LEXIS 76892, at *4 (D.N.H. Apr. 3, 2024), R&R adopted, 2024 WL 1770776, 2024 U.S. Dist. LEXIS 74280 (D.N.H. Apr. 24, 2024).

> Exhaustion is required because: "(1) judicial review may be facilitated by allowing the appropriate agency to develop a factual record and apply its expertise, (2) judicial time may be conserved because the agency might grant the relief sought, and (3) administrative autonomy requires that an agency be given an opportunity to correct its own errors."

Coleman v. U.S. Parole Comm'n, 644 F. App'x 159, 161–62 (3d Cir. 2016); see also Woodford v. Ngo, 548 U.S. 81, 89 (2006).  A prisoner satisfies the exhaustion requirement by properly using available administrative remedies.  See Woodford, 548 U.S.at 90.

Ellis does not argue that he filed any forms or otherwise formally grieved any of the matters at issue in his § 2241 petition.  The Warden has established the absence of any dispute as to whether Ellis used the Administrative Remedy Program.

## II.   Exceptions

### A.   Extraordinary Circumstances

The exhaustion requirement is not jurisdictional and may be subject to exceptions, including "where exhaustion would be futile or inadequate to prevent irreparable harm." Iler-Reyes, 2024 WL 1773616, at *2, 2024 U.S. Dist. LEXIS 76892, at *4-5 (internal quotation marks and citation omitted).  "Exceptions to the exhaustion requirement arise only in extraordinary circumstances." Holloway v. Hillsborough Cty. Dep't of Corr. Superintendent, No. 21-cv-205-JL, 2021 WL 1227760, at *3, 2021 U.S. Dist. LEXIS 64821, at *7 (D.N.H. Mar. 15, 2021) (internal quotation marks and citation omitted), R&R adopted, 2021 WL 1227082, 2021 U.S. Dist. LEXIS 63997 (D.N.H. Apr. 1, 2021).  The petitioner bears the burden of showing that an exception to the

exhaustion requirement applies.  Id.; see also Hinojosa v. Horn, 896 F.3d 305, 314 (5th Cir. 2018); Pinson v. Berkebile, 604 F. App'x 649, 654 (10th Cir. 2015); Tinoco-Jaimes v. United States, 168 F. App'x 356, 359 (11th Cir. 2006).


    B.   Lack of BP-8 Access

    Ellis asserts in a sworn statement that when he tried to file a "BP-8" while in the SHU at FCI Yazoo City Low, he "was denied one," Doc. No. 4, at 1.  He also asserts that BOP staff in that facility and nationwide use such "evasive tactics" to prevent prisoners from exhausting administrative remedies.  Id.

    A BP-8 is an informal complaint form that a prisoner may use to begin the process of grieving a condition of confinement. See 28 C.F.R. § 542.13(a); Cummings v. FCI Berlin, No. 2024 DNH 023, 2024 WL 1256068, at *2, 2024 U.S. Dist. LEXIS 52038, at *3 (D.N.H. Mar. 25, 2024).  BP-8s are not used to appeal disciplinary sanctions.  See 28 C.F.R. §§ 542.13(b), 542.14(d)(2) (disciplinary appeals are submitted initially to Regional Director); Jones v. Warden, FCI Berlin, No. 19-CV-105-JL, 2020 WL 1326151, at *3, 2020 U.S. Dist. LEXIS 50187, at *6 (D.N.H. Mar. 2, 2020), R&R adopted, 2020 WL 1322541, 2020 U.S. Dist. LEXIS 48544 (D.N.H. Mar. 20, 2020).

        To appeal a decision of a Discipline Hearing Officer
        ("DHO"), an inmate must complete two steps.  28 C.F.R.

§§ 542.10-542.19.  The inmate must first submit a DHO
appeal to the Regional Director for the region where
the inmate is currently located, within 20 days of the
DHO's decision.  28 C.F.R. §§ 542.14(d)(2), 542.15.
If the appeal is denied at step one, the second step
requires the inmate to appeal to the Central Office
within 30 days.  Id. § 542.15(a).  . . . [T]he
administrative remedy appeal is not considered fully
exhausted until reviewed by the General Counsel.

VanBuren v. Sage, No. 1:23-CV-971, 2024 WL 3597048, at *1, 2024

U.S. Dist. LEXIS 134773, at *2-3 (M.D. Pa. July 31, 2024).

Since Ellis did not need a BP-8 form to appeal his loss of good

conduct time, his asserted lack of access to a BP-8 form is not

material to the question of whether his failure to exhaust

should be excused.

Moreover, Ellis's generalized statements regarding the

"evasive tactics" perpetrated by BOP staff are unsupported and

conclusory.  Those assertions do not provide sufficient evidence

as to whether prison staff made the grievance process

unavailable to him in particular, so as to excuse the exhaustion

requirement as applied to him.  See Byrd v. Fed. Bureau of

Prisons, No. 21-5911, 2022 WL 898772, at *2, 2022 U.S. App.

LEXIS 5329, at *5-6 (6th Cir. Feb. 28, 2022) (unpublished

decision).  Accordingly, Ellis has not demonstrated the

existence of any triable question as to the availability of the

BOP Administrative Remedy Program in his circumstances.

B.    <u>Imminence of Release Date</u>

Courts have applied an exhaustion exception based on the proximity of a release date in circumstances where the petitioner shows the imminence of the petitioner's release date, relative to the date of the agency action challenged in the § 2241 petition.  See, e.g., Iler-Reyes, 2024 WL 1773616, at *2, 2024 U.S. Dist. LEXIS 76892, at *7 (exception applied in context of ruling on motion to dismiss, after court accepted as true allegations that petitioner should have already been released to a halfway house before he learned that BOP no longer considered him eligible for halfway house placement under First Step Act). "A 'key consideration' in exercising such discretion is whether 'relaxation of the requirement would encourage the deliberate bypass of the administrative scheme.'" Arellano-Ortiz v. Quintana, No. 2:23-06290-ADS, 2024 WL 648683, at *3, 2024 U.S. Dist. LEXIS 3228, at *6-7 (C.D. Cal. Jan. 5, 2024) (waiving exhaustion requirement where petitioner had been detained long past his release date, and there was no risk of encouraging deliberate bypass of administrative remedy scheme, where BOP's plan to release petitioner in seven days would moot petition).

Ellis argues here that his expected date of release excused his failure to exhaust.  He avers that if he had not lost 136 days of good conduct time, if he had not been removed from the

RDAP, and if the BOP had approved him for release one year early upon his completion of the RDAP, he should have been released to a halfway house in August 2023 only months after the last disciplinary proceeding at issue in his § 2241 petition.

To the extent Ellis includes the discretionary award of one-year early release upon RDAP completion as part of his calculation of the August 2023 date, this court notes that RDAP completion does not automatically result in early release. See 18 U.S.C. § 3621(e)(2) (BOP may shorten sentence of eligible prisoner who completes RDAP); see also Lopez v. Davis, 531 U.S. 230, 241 (2001) ("When an eligible prisoner successfully completes drug treatment, the [BOP] thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment."); Lewis v. Swaney, No. 6:23-CV-153-REW, 2024 WL 3656162, at *5, 2024 U.S. Dist. LEXIS 138218, at *13 (E.D. Ky. Aug. 5, 2024) ("participation in the RDAP does not directly affect the duration of a federal prisoner's sentence"). Ellis does not present any evidence that he was otherwise eligible for early release and that the BOP would have released him one year early if he had finished the program. Given the discretion retained by the BOP, Ellis's evidence regarding when he would have been released appears to lack a proper foundation. Cf. Dejapa v.

Derr, No. 23-00090 JAO-KJM, 2023 WL 2758890, at *4, 2023 U.S.
Dist. LEXIS 57912, at *9 (D. Haw. Apr. 3, 2023) ("Because
Petitioner did not even attempt to resolve her grievances, the
record is bare of any facts that would enable the Court to
determine if Petitioner is eligible for early release or if her
calculations are correct.  Any review of Petitioner's claim that
she is entitled to an earlier release to supervision would
require BOP's participation and expertise.").

But even if the court were to deem a date in August 2023 to
be adequately established here as Ellis's release date, the
motion for summary judgment would still be properly granted.  It
is undisputed that Ellis received his first disciplinary
sanctions for using drugs or alcohol in a DHO report delivered
to him on January 5, 2023.  He has presented no competent
evidence suggesting that in the ensuing seven months, he could
not have exhausted his administrative remedies; it appears he
lacks any experience upon which he could base that conclusion,
as he has not used the BOP Administrative Remedy Program at all
while he has been incarcerated.  Cf. Cadle Co. v. Hayes, 116
F.3d 957, 961 n.5 (1st Cir. 1997) (affidavits that "neither
contain enough specifics nor speak meaningfully to matters
within [affiant's] personal knowledge" may not defeat summary
judgment motion).

Moreover, to the extent only the April/May 2023 disciplinary proceedings are at issue here - a matter this court cannot determine from the record before this court - Ellis's sworn, but essentially unfounded assertions, regarding his inability to exhaust administrative remedies prior to his expected date of release, are inadequate to avoid summary judgment.  There is a two-step administrative appeals process which a prisoner could complete within three to four months and then file a § 2241 petition.  See 28 C.F.R. § 542.18 (time allotted for DHO appeals to Regional Administrator and General Counsel totals 70 to 120 days, depending on whether BOP extends those deadlines).  The lack of a response within the time allotted may be treated as a denial.  See id.

Three to four months is the time Ellis could have used to exhaust his BOP appeals, after he received all of his disciplinary reports at FCI Yazoo City Low, before his expected release date.  Ellis, however, did not so much as attempt to exhaust his remedies in that time period.  Under such circumstances, there is not a triable issue as to whether the futility and irreparable harm exceptions to the exhaustion requirement apply in his circumstances.  See Dejapa, 2023 WL 2758890, at *5, 2023 U.S. Dist. LEXIS 57912, at *12 (declining to waive exhaustion in part because "process could have been

completed before the date [petitioner] believes she is entitled to release"). Accordingly, the Warden's motion for summary judgment is properly granted.

## Conclusion

For the foregoing reasons, the district judge should grant the Warden's motion for summary judgment (Doc. No. 3). Then the clerk's office should enter judgment and close this case. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 22, 2024
cc: Joshua Lane Ellis, pro se
    Robert J. Rabuck, Esq.